IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

GEORGE Q. CHEN,

   Debtor.
_____/

TERRA NOVA INDUSTRIES, INC.,
a California Corporation,

   Plaintiff and Appellee,

 v.

GEORGE Q. CHEN,

   Defendant and Appellant.
_____/

No. C 05-04873 WHA

**ORDER AFFIRMING BANKRUPTCY COURT DECISION**

## INTRODUCTION

In this bankruptcy appeal, George Q. Chen seeks attorney's fees pursuant to a contract. This order finds that the bankruptcy court did not abuse its discretion in denying attorney's fees. Accordingly, the decision of the bankruptcy court is **AFFIRMED**.

## STATEMENT

In 2000, GQC Holdings, Inc. entered into a contract with Terra Nova Industries, Inc. The contract provided that GQC would assist in building a restaurant at the San Francisco International Airport. The contract included the attorney's fees clause at issue in this appeal. Eventually, GQC stopped paying Terra Nova, but Terra Nova continued to perform work.

On July 25, 2003, George Q. Chen filed a Chapter 13 bankruptcy petition, which was ultimately converted to a Chapter 7 proceeding. On December 1, 2003, Terra Nova initiated an adversary proceeding, filing a dischargeability complaint against Chen pursuant to 11 U.S.C. 523(a)(2)(A). Terra Nova filed an amended complaint on November 17, 2004. In its complaint, Terra Nova alleged fraud in connection with the contract, and asked the court to recognize Chen as an alter ego of GQC and other related corporations. The latter finding would have made Chen personally liable on the contract. Terra Nova also sought damages of $525,990, the amount of outstanding unpaid invoices under the contract, reasonable costs and "attorney's fees pursuant to contract and statute," interest, and a 11 U.S.C. 523(a)(2)(A) nondischargeability determination (Opn. 3).

On July 22, 2005, the bankruptcy court ruled in favor of Chen on the dischargeability claim, ordering that Terra Nova take nothing from Chen by way of its complaint and that all debts owed by Chen to Terra Nova were dischargeable. The dischargeability claim is a tort claim, not an action on the contract. The bankruptcy court did not rule on either the alter ego issue or the amount of debt owed. As a result, there was no prevailing party on any of the contract claims. The court further instructed that Chen recover all his costs of suit but that any attorney's fees be brought by a separate motion. Accordingly, on August 8, 2005, Chen moved to recover attorney's fees. The Honorable Dennis Montali heard the matter on September 9, 2005, and entered a judgment denying Chen's motion for attorney's fees on October 24, 2005.

The bankruptcy court held that two provisions govern California law in deciding whether or not to award attorney's fees: California Civil Code § 1717 and California Civil Procedure Code § 1021. Terra Nova argued that Chen was not entitled to attorney's fees under either provision because he did not plead them as a claim in his answer, as required by Federal Rule of Bankruptcy Procedure 7008(b). The bankruptcy court did not address the issue of whether any improper pleading barred Chen from recovery because the court denied the motion for attorney's fees on its merits. The bankruptcy court concluded that Chen was not entitled to recover attorney's fees under either Section 1717 or Section 1021. Chen was not entitled to attorney's fees under Section 1717 because he was not a prevailing party in any action on the

contract. Instead, Chen prevailed only on a nondischargeability claim, a tort claim. Chen was not entitled to recovery under Section 1021 because neither the law nor the contract permitted recovery for a prevailing party on a tort claim.

**ANALYSIS**

A bankruptcy court's decision to award attorney's fees is reviewed for abuse of discretion or erroneous application of the law. *In re Dawson*, 390 F.3d 1139, 1145 (9th Cir. 2004). Findings of fact are reviewed under a clearly erroneous standard, and findings of law are reviewed de novo. *In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1196 (9th Cir. 2003). A bankruptcy court's decision as to whether to apply a discharge exception for debts obtained by a debtor's false representations or fraud to an award of attorney's fees is a conclusion of law, which is reviewed de novo. *In re Davison*, 289 B.R. 716, 720 (B.A.P. 9th Cir. 2003). Whether a bankruptcy court has properly awarded attorney's fees under either Section 1717 or Section 1021 is reviewed for abuse of discretion. *See Davison*, 289 B.R. at 720.

Appellant Chen contends that the bankruptcy court committed four errors. *First*, appellant argues that the bankruptcy court departed from California law in holding that the contract's provision for attorney's fees does not cover actions for fraud in the underlying agreement. *Second*, appellant contends that the bankruptcy court ignored significant extrinsic evidence that interpreted the attorney's fees provision. *Third*, appellant argues that the bankruptcy court mischaracterized the suit as having little to do with the contract because it failed to look at the nature of the plaintiff's claim and its conduct in litigating them. *Fourth*, appellant contends that the bankruptcy court erred in focusing its discussion on Section 1717 rather than Section 1021.

**1.    CALIFORNIA LAW.**

There is no independent right to attorney's fees in an adversary bankruptcy proceeding. *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). A prevailing party may be awarded attorney's fees, however, if attorney's fees would have been awarded under substantive state law. *Ibid.* (citing *In re Johnson*, 756 F.2d 738, 741 (9th Cir. 1985)). California law permits recovery for attorney's fees under two separate provisions. Section 1717 allows a party to recover attorney's

3

fees incurred in the litigation of a contract claim. *See In re Davison*, 289 B.R. at 732-34 (citing *Santisas v. Goodin*, 17 Cal. 4th 599, 615 (1998)). Section 1021 permits recovery of attorney's fees by agreement between the parties, and does not limit recovery of attorney's fees to actions on the contract. *Id.* at 724. Attorney's fees for fraud claims may be recovered if the contract so provides.

Appellant argues that the bankruptcy court misapplied California law. *First*, appellant contends that the bankruptcy court misapplied *Davison*, the Ninth Circuit BAP's leading authority on the issue of attorney's fees recoverable under Section 1021. Appellant specifically claims that the bankruptcy court misconstrued *Davison* as adopting a per se rule that the provision "to enforce the terms of the contract" never includes fraud claims. The bankruptcy court, however, made no such broad-sweeping assertion. Rather, the bankruptcy court properly interpreted *Davison* as holding that the creditor's action in that case must have been brought to enforce its rights under the agreement. The Ninth Circuit BAP denied attorney's fees because the finding that the debtor had not committed fraud did not depend on the enforcement or interpretation of the terms of that agreement.

Furthermore, the bankruptcy court committed no error in applying the holding of *Davison* to the instant matter. To determine whether a prevailing party may recover attorney's fees for non-contractual claims under Section 1021, a court must look to the language of the agreement. *In re 3250 Wilshire Blvd. Bldg.*, 990 F.2d 487, 489 (9th Cir. 1993). Section 14.6.5 of the contract provided: "In the event it becomes necessary for the Contractor to engage legal counsel to collect payments due and unpaid under the Contract Documents, the prevailing party shall be entitled to all costs of collection including reasonable attorney's fees." The bankruptcy court did not abuse its discretion when it determined that the language of Section 14.6.5 was narrower than in *Davison*. The bankruptcy court concluded that the phrase, to "collect payments due and unpaid under the Contract," was one of several means of enforcing the terms of the contract. The court further held that the phrase had no application other than in connection with enforcing the terms described in the contract — it did not extend to

4

independent fraud claims. The bankruptcy court committed no clear error in denying attorney's fees on the basis of Section 1021.

*Second*, appellant argues that the bankruptcy court departed from California law in finding that the contract's provision for attorney's fees does not cover actions for fraud. Specifically, appellant claims that the bankruptcy court's determination is inconsistent with *Wagner v. Lloyds Bank California*, 101 Cal. App. 3d 27 (4th Dist. 1980), and *In re Tran*, 301 B.R. 576 (N.D. Cal. 2003). Both *Wagner* and *Tran*, however, involved tort claims closely associated with their respective contracts. In *Wagner*, defendant debtor counterclaimed against Lloyds Bank with a fraud claim. The court in that case awarded attorney's fees because defense of fraud was integral to succeeding on the contract claim. In *Tran*, the court noted the particular circumstances at stake in the case, namely that the trial had proceeded as a breach of contract claim. Additionally, judgment on the tort claim was required to collect a debt under that contract.

In the instant matter, the bankruptcy court did not make any determination as to the contract claim, nor did it rely on the contract in its ruling on the dischargeability claim. Again, the court made no determination as to any actions on the contract. The court did not determine the amount owed by Chen to Terra Nova, or whether Chen was the alter ego of GQC. Furthermore, the bankruptcy court's decision is consistent with *Davison*. As a result, the bankruptcy court did not abuse its discretion or commit an error of law in finding that the language of the contract is narrower than the language in *Davison*.

### 2. EXTRINSIC EVIDENCE.

Appellant asserts that the bankruptcy court further erred because it excluded two pieces of extrinsic evidence. The bankruptcy judge did not discuss the expert testimony of attorney Richard L. Enkelis, who testified that the phrase "to collect amounts due" generally includes nondischargeability claims. Appellant also contends that the bankruptcy court erred by not discussing Terra Nova's own prayer for attorney's fees as compelling evidence that Terra Nova intended the attorney's fees provision to apply to the nondischargebility action. In support of his position, appellant relies on *United States v. King Features Entertainment*, 843 F.2d 394,

398 (9th Cir. 1988). *King Features* required a trial judge to consider relevant extrinsic evidence that may prove a meaning to which the language of the contract is reasonably susceptible. Appellant fails to reveal the entire instruction of *King Features*, however. In the succeeding sentence to appellant's citation, *King Features* noted: "[I]f after considering extrinsic evidence the court finds the language of the contract is not reasonably susceptible to the asserted interpretation and is unambiguous, extrinsic evidence cannot be received for the purpose of varying the terms of the contract."

When considered with the rule that courts are required to interpret contract language in their ordinary sense, the bankruptcy court did not commit clear error in its interpretation of the contract. The phrase "collect payments due" is not a technical term that requires expert testimony or extrinsic evidence. In any event, the bankruptcy judge did consider Terra Nova's claim for attorney's fees during the proceedings (Opn. 31–32). He simply chose not to discuss it in his order. The judge also heard appellant's arguments in favor of admitting Enkelis' declaration (Opn. 11). Because it was not clearly erroneous for the bankruptcy court to interpret the terms of the contract as unambiguous, the bankruptcy court did not abuse its discretion in omitting the extrinsic evidence in its interpretation of the attorney's fees provision.

### 3. NATURE OF THE UNDERLYING CLAIM.

Appellant also argues that the bankruptcy court mischaracterized the suit as having little to do with the fraud contract. Appellant calls for an award of attorney's fees because he contends that the terms of the contract were integral to the fraud claim. Terra Nova's complaint asserted that Chen made a false promise to perform the most important part of the contract, namely, his payment obligations.

In particular, appellant distinguishes this case from *Davison* by arguing that it was necessary for the court to determine what performance was required under the contract in order to decide whether Chen falsely promised to perform. Appellant also contends that the bankruptcy judge erred by not recognizing an implied right to payment under the contract. Specifically, appellant asserts that this case is analogous to *In re Klause*, 181 B.R. 487 (C.D. Cal. 1995). *Klause* upheld an award of attorney's fees because the debtor in that case failed to

6

provide a current rental statement and copies of all leases.  Appellant misconstrues *Klause* as finding an implied right to truthful documents in that contract.  *Klause* did not need to imply a right for such truthful documents because that purchase agreement explicitly required Klause to provide a current rental statement and copies of all leases.  The court concluded that "to enforce the rights under the agreement" had a narrow meaning, but awarded attorney's fees because the case depended on enforcing one of the contract's explicit provisions, a clear right under the agreement.

In contrast, the bankruptcy court in the instant matter did not interpret or enforce any particular provision of the contract in the underlying tort judgment.  The contract only provided context.  Chen prevailed because Terra Nova failed to show that Chen knowingly made material misrepresentations or that Terra Nova justifiably relied on any misrepresentations.  Because this suit can be properly analogized to *Davison*, the bankruptcy court did not abuse its discretion when it relied on that decision.

### 4. SECTION 1021 ANALYSIS.

Finally, appellant complains that the bankruptcy court did not sufficiently consider Section 1021, and instead focused too much on Section 1717.  Whether the bankruptcy judge allotted more time to its analysis of Section 1717 is irrelevant to this Court's evaluation of whether attorney's fees were properly denied.  The bankruptcy court considered the validity of each applicable provision and sufficiently stated its reasoning for concluding that an action for dischargeability did not fall under the terms of the contract.

## CONCLUSION

For the reasons stated above, the ruling of the bankruptcy judge denying attorney's fees is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: June 7, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7